**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 CR 474 |
| | ) | |
| v. | ) | Judge Mary Rowland |
| | ) | |
| YALE SCHIFF | ) | |
| | ) | |
| Defendant | ) | |

**EMERGENCY MOTION TO COMPEL
THE DISCLOSURE OF THE GRAND JURY TRANSCRIPTS**

Defendant, **Yale Schiff**, by and through his attorneys, **Cheronis & Parente LLC,** respectfully moves this Court for an order compelling the government to produce the grand jury transcripts in this matter, either to the Court for in camera review or the defendant. In support thereof, Mr. Shiff, through counsel, states the following:

1.      On June 5, 2019, Yale Schiff was charged by indictment with multiple counts of bank fraud and aggravated identity theft. (R. 1).  The prosecutor responsible for presenting the indictment was AUSA A.

2.      On July 24, 2019, Yale Schiff was charged by a superseding indictment with multiple counts of bank fraud and aggravated identity theft. (R. 26). The prosecutor responsible for presenting the superseding indictment was AUSA A.

3.      On May 18, 2023, Mr. Schiff pled guilty to one count of bank fraud. (R. 165). On January 16, 2025, Mr. Schiff was sentenced to a term of 36 months' imprisonment. Mr. Schiff is

1

currently serving his sentence at FCI Cumberland and is scheduled to be released on January 15, 2027.

4. On or about May 21, 2026, it became known that AUSA A engaged in apparent prosecutorial misconduct during the grand jury proceedings in another case, *United States v. Rabbitt, et. al.,* Case No. 25 CR 693. This misconduct included (1) prosecutorial vouching to the grand jurors, (2) improper prosecutorial communications of a substantive nature with grand jurors outside of the grand jury room, and (3) excusing grand jurors who disagreed with the government's case from the deliberations process.

5. Grand Jury Secrecy is not absolute. Rule 6(e) of the Federal Rules of Criminal Procedure authorizes district courts to disclose grand jury materials "in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). The Supreme Court has explained that the Rule 6(e) exceptions apply when a party seeking disclosure of grand jury material shows a "particularized need" for that material. *See Douglas Oil Co. of Cal. v. Petrol Stops Nw.,* 441 U.S. 211, 222 n. 12 (1979). To demonstrate a particularized need, the requesting party must show that "the material [he] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [his] request is structured to cover only material so needed." *Id.* at 222.

6. Here, the newly discovered evidence that the prosecutor responsible for presenting this case engaged in prosecutorial misconduct before at least one other grand jury creates a substantial basis to question the integrity of the proceedings that resulted in Mr. Schiff's indictment.[1]

---

[1] The alleged misconduct before the grand jury by AUSA A seems to have spread to a second case based on a recent motion alleging similar issues in *United States v. Khan,* 25 CR 321 (R. 100).

2

The misconduct is not alleged to have been committed by some unrelated prosecutor or office, but by the same prosecutor who presented evidence to the grand jury in this case. Consequently, there exists a credible basis to believe that similar misconduct may have occurred here.

7.     If the grand jury proceedings were tainted by misconduct that substantially influenced the decision to indict, or if grave misconduct undermined the fundamental fairness of the proceedings, Mr. Schiff would be entitled to post-conviction relief. See *United States v. Ortiz de Jesus*, 230 F.3d 1, 4 (1st Cir. 2000) ("dismissal after conviction is appropriate only in cases of 'serious and blatant prosecutorial misconduct'—misconduct so grave that it calls into doubt the fundamental fairness of the judicial process"); *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256–57 (1988) (recognizing dismissal may be warranted where prosecutorial misconduct substantially influenced the grand jury's decision to indict or where there is grave doubt that the decision to indict was free from such influence).

8.     Counsel for Mr. Schiff requested the government to produce these transcripts for review of potential issues but that request was denied.  The government opposes the relief requested in this motion.

Based on the foregoing, Mr. Schiff respectfully requests that this Court order the disclosure of the grand jury transcripts or, in the alternative, conduct an in camera review of the grand jury transcripts to determine whether misconduct occurred and whether disclosure of all or part of the record is appropriate.

Respectfully submitted,

/s/ Christopher V. Parente
**Christopher V. Parente**

**Cheronis & Parente LLC**
140 S. Dearborn Street, Suite 404
Chicago, Illinois 60603
(312) 663-4644
cparenete@cheronislaw.com

4