UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

Yale Schiff

No. 19 CR 474-1

Judge Mary M. Rowland

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, hereby provides its response in opposition to defendant Yale Schiff's motion for compassionate release.[1] R. 309 ("Def. Br."). As set forth in greater detail below, the government elects not to invoke any infirmity in defendant's proof of exhaustion and concedes that defendant's motion for compassionate release has established an extraordinary and compelling reason for considering a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and would not be inconsistent with the pertinent factors under 18 U.S.C. § 3553(a).

---

[1] The government's response is based solely on the merits of defendant's emergency motion for compassionate release, R. 309, which was filed on the docket on June 1, 2026. This response does not incorporate any position as to defendant's emergency motion to produce grand jury transcripts, filed on June 8, 2026 (R. 313), or as to any future relief defendant may seek as the result of the latter motion. R. 321, 322.

## BACKGROUND

On July 24, 2019, defendant was charged in a superseding indictment with bank fraud and aggravated identity theft. R. 26. On May 18, 2023, defendant pled guilty to Count Two of the superseding indictment in this case, which charged defendant with bank fraud. R. 164, 165. On February 3, 2025, this Court sentenced defendant to a term of imprisonment of 36 months. R. 289.

Yale Schiff is currently serving his sentence. The Bureau of Prisons (BOP) webpage (www.bop.gov) lists defendant's projected release date as January 15, 2027. In the instant motion, defendant seeks relief in the form of compassionate release from the remaining portion of his prison sentence under § 3582(c)(1)(A). Def. Br. at 1, 10. As discussed below, the government does not object to defendant's motion.

## ARGUMENT

### I. DEFENDANT IS ELIGIBLE FOR A SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1).

#### A. Statutory Framework

The Sentencing Reform Act of 1984 (codified at 18 U.S.C. § 3551 *et seq.*) "overhaul[ed] federal sentencing practices." *Tapia v. United States*, 564 U.S. 319, 325 (2011). Through the Sentencing Reform Act, Congress abolished the practice of federal parole and specified that a "court may not modify a term of imprisonment once it has been imposed" except in certain enumerated circumstances. 18 U.S.C. § 3582(c); *see Tapia*, 564 U.S. at 325; *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)). Section 3582(c) lists the circumstances in which a district court may modify a sentence of imprisonment, and modification is authorized only as

1

expressly permitted by that statute. *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014).

One exception to the rule of finality listed in 18 U.S.C. § 3582(c) is the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i). As originally enacted, § 3582(c)(1)(A) authorized sentence reductions only "upon motion of the Director of the Bureau of Prisons." Sentencing Reform Act § 212(a)(2), 98 Stat. 1998. However, as amended by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, Title 18, United States Code, § 3582(c)(1)(A), a defendant may bring a motion for compassionate release after he has exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or after 30 days have elapsed since the receipt of an administrative request by the warden of the defendant's facility, whichever is earlier. Where a defendant has complied with the statute's exhaustion requirement, the statute authorizes a court to "reduce [a] term of imprisonment . . . , after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," if it finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Seventh Circuit has directed that, in determining motions for discretionary sentencing reductions under § 3582(c)(1)(A), district courts must conduct a two-step analysis:

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction . . . Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion

conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

## B. The Sentencing Commission's Promulgation of § 1B1.13

To make prison terms more determinate, Congress established the Sentencing Commission as an independent agency in the Judicial Branch and "authorized it to promulgate Sentencing Guidelines and to issue policy statements." *Dillon*, 560 U.S. at 820; *see* 28 U.S.C. §§ 991, 994(a).

Congress directed the Commission to promulgate "general policy statements regarding . . . the appropriate use of . . . the sentence modification provisions set forth in 3582(c)," 28 U.S.C. § 994(a)(2)(C), as well as policy statements to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress expressly specified that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.*

In 2006, in response to Congress's direction, the Commission promulgated Guideline § 1B1.13. As amended in 2016, the policy statement described four categories of reasons that should be considered extraordinary and compelling: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons" "determined by the Director of the Bureau of Prisons" to be "extraordinary and compelling" "other than, or in combination with,"

the reasons described in the other three categories. Sentencing Guidelines App. C Supp., Amend. 799 (Nov. 1, 2016).

Effective November 1, 2023, the Sentencing Commission amended the circumstances that may constitute "extraordinary and compelling reasons" warranting a sentence reduction. As relevant here, Guideline § 1B1.13(b) limited the "extraordinary and compelling reasons" for which a sentence reduction is appropriate to the following particular circumstances:

(1) MEDICAL CIRCUMSTANCES OF THE DEFENDANT. —

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is —

(i) Suffering from a serious physical or medical condition,

(ii) Suffering from a serious functional or cognitive impairment, or

(iii) Experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(2) AGE OF THE DEFENDANT. —

The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and

4

(C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) FAMILY CIRCUMSTANCES OF THE DEFENDANT. —

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the   defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) VICTIM OF ABUSE. —

The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

(A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim);

(B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in

a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

> (5) OTHER REASONS.—

The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

Amendment 814 also amended Guideline § 1B1.13(d), regarding the implication of defendant's rehabilitation. That subsection now provides:

> REHABILITATION OF THE DEFENDANT.—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(d).

The Commission submitted its proposed Guidelines amendments to Congress on April 27, 2023. Because Congress did not act to modify or disapprove of the amendments, they became effective on November 1, 2023. 88 Fed. Reg. at 28,254; *see* 28 U.S.C. § 994(p).

**C. The Government Declines to Invoke Deficiencies in Defendant's Proof of Exhaustion as a Reason to Deny the Motion.**

As stated above, § 3582(c)(1)(A) provides that a defendant may bring a motion for compassionate release after he has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or 30

6

days have elapsed since the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

Defendant asserts that he has "fully satisfied the exhaustion requirement set forth under 18 U.S.C. §3582(c)(1)(A)," and attaches to his motion a response from the warden of his facility, dated February 13, 2026, denying defendant's request for compassionate release. Def. Br. at 1, 6. The warden's letter indicates that defendant's motion sought early release on the grounds that defendant's child and father were in need of defendant's care and assistance, and that defendant allegedly was not receiving adequate medical treatment for psoriasis. *Id.*

In the instant motion, defendant seeks a sentence reduction based on his mother's urgent need for care and assistance, and in support, offers medical records and other documentation showing that his mother suffers from severe medical issues which make it difficult for her to handle activities of daily living. Defendant also provides evidence that other family members are unavailable to provide his mother with all the assistance she requires.

Given that defendant failed to raise his mother's urgent need for care in an earlier administrative request, he has failed to make the necessary showing that he has fully exhausted his administrative remedies as required by § 3582(c)(1). *See United States v. Williams*, 62 F.4th 391, 393 (7th Cir. 2023) ("an inmate must present to the Bureau the same reasons later presented to the court; permitting an inmate to argue new reasons in court amounts to bypassing a request for administrative relief."); *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (Exhaustion is a

7

mandatory claims processing rule that must be respected if it is invoked by the government.).

However, in light of the nature of defendant's claims and the supporting evidence he has provided, the government elects not to invoke defendant's failure to establish exhaustion as a basis to deny him relief.

### D. The Government Agrees that Defendant Has Established an Extraordinary and Compelling Reason Warranting Consideration of a Sentence Reduction.

As noted above, defendant has established that his mother suffers from serious medical issues and is unable to engage in activities of daily living without assistance. In light of the supporting evidence defendant has provided, the government agrees that defendant has established an extraordinary and compelling reason to consider a sentence reduction under Guideline § 1B1.13(b)(3)(C).

### II. On Balance, Defendant's Early Release Would Not Be Inconsistent With the Pertinent § 3553(a) Factors.

Defendant's offense was serious and caused substantial harm to his victims. On the other hand, defendant received a below Guidelines sentence and he has served most of that sentence. According to the BOP, defendant is projected to receive a conditional transition-to-community placement on or about September 15, 2026, and a First Step Act conditional release on October 17, 2026. Def. Br. at 1.

In light of these facts and defendant's stated intention to provided urgently-needed care for his ailing mother, the government believes that, on balance, defendant's early release would not be inconsistent with the pertinent sentencing factors set forth in 18 U.S.C. § 3553(a).

## CONCLUSION

For the reasons set forth above, the government does not object to defendant's motion.

Respectfully submitted.

ANDREW S. BOUTROS
United States Attorney

By:     /s/ Minje Shin
        Minje Shin
        Assistant United States Attorney
        219 South Dearborn Street
        Fifth Floor
        Chicago, Illinois 60604
        (312) 469-6024

9