**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

YALE SCHIFF,

Defendant.

Case No. 19-CR-474-1

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Defendant Yale Schiff brings an emergency motion for compassionate release under 18 USC § 3582(c)(1)(A). [309]. As discussed below, the Court GRANTS the motion.

### I.    Background

On May 18, 2023, Schiff pled guilty to bank fraud. [164], [165]. On February 3, 2025, this Court sentenced Schiff to a term of imprisonment of 36 months. [289]. Schiff is currently serving his sentence, with a projected release date of May 15, 2027. [309]. He is currently eligible for conditional pre-release on September 14, 2026, and for full conditional release on October 17, 2026. *Id.*

On February 6, 2026, Schiff requested compassionate release from the Bureau of Prisons (BOP) to care for his child, his father, and to seek medical treatment for his psoriasis. [309] at 1. The Warden denied his request. *Id.*

On June 1, 2026, Schiff brought this § 3582(c)(1)(A) compassionate release motion *pro se*, requesting release to care for his mother. He claims her Stage 3B Colon cancer is causing her health to rapidly decline, and that he is the only suitable

1

caregiver to manage her. *Id.* He contends that his mother's need for full-time care is an extraordinary and compelling reason for compassionate release under § 3582(c)(1)(A) and USSG § 1B1.13(b)(3)(C). His motion contains brief letters from two of his mother's physicians. In one, a doctor notes that "if there is any assistance to help [with Schiff's mother's activities of daily living], it would be helpful in allowing her to continue to live in place." [309] at 13. The other notes that Mrs. Schiff "requires assistance with homemaking tasks including cleaning, cooking, shopping for groceries, and obtaining medications." [309] at 14. Schiff's motion notes that Mr. Schiff's brother works six days a week and "presently assists in the care of both [of their] parents," but is "unable to provide additional or around-the-clock care." *Id.* at 2.

Separately, on June 8, 2026, Schiff brought (via counsel) a motion to produce the transcripts from the grand jury proceedings resulting in his indictment. [313]. The government originally objected to Defendant's request and the Court ordered production of the transcripts to be produced to the Court by June 18, 2026, for in camera, *ex parte* review. [315, 317] Upon review of the transcripts, the government withdrew its objections to producing the grand jury transcripts to Schiff and his counsel, and the Court, accordingly, ordered the documents produced to defendant by June 24, 2026. [321-322].

On June 25, 2026, the Government filed its response [323] to Schiff's *pro se* motion for compassionate release. In its response, the Government correctly notes that Schiff has failed to exhaust his administrative remedies as required by §

2

3582(c)(1). *Id.* at 7; *see also United States v. Williams*, 62 F.4th 391, 393 (7th Cir. 2023) ("an inmate must present to the Bureau the same reasons later presented to the court; permitting an inmate to argue new reasons in court amounts to bypassing a request for administrative relief."). The government nonetheless has "elect[ed] not to invoke [Schiff's] failure to establish exhaustion as a basis to deny him relief." [323] at 8. The Government also made the noteworthy decision not to oppose Schiff's motion on the merits and instead agreed that Schiff is entitled to the relief he seeks under § 3582(c) and § 3553(a) (each discussed in more detail *infra*). *See generally* [323]. Furthermore, the Government stated in a footnote that its position "is based solely on the merits of [Schiff's] emergency motion for compassionate release", [323] at 1 n.1, and was not related to the ongoing grand jury matters roiling the United States Attorney's Office of the Northern District of Illinois. The Court found the government's position regarding exhaustion and the merits of Schiff's motion so striking that it held a hearing. [324].

## II. Standard of Review

In 2018, the First Step Act created a judicial power to grant compassionate release on a prisoner's motion "provided that the prisoner first allowed the Bureau [of Prisons] to review the request and make a recommendation (or it let 30 days pass in silence)." *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). Under § 3582(c), "after the defendant has fully exhausted all administrative rights to appeal" a denial by the BOP, the defendant may request a sentence reduction when "extraordinary and compelling reasons warrant such a

3

reduction." 18 U.S.C. 3582(c)(1)(A). Relevant here, the current Federal Sentencing Guidelines provide that one such extraordinary and compelling reason is the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." USSG § 1B1.13(b)(3)(C).

Courts in the Seventh Circuit follow a two-step analysis in evaluating a motion for a sentence reduction. First, the court must determine whether the prisoner has identified an "extraordinary and compelling" reason; and second, upon finding such a reason, it should exercise the discretion conferred by the sentencing factors in 18 U.S.C. § 3553(a) as they apply to the circumstances of the defendant. *United States v. Thacker*, 4 F.4th 569, 587 (7th Cir. 2021).

18 U.S.C. § 3553(a), in turn, identifies several factors to be considered in imposing a sentence, including but not limited to the nature and circumstances of the offense and of the defendant, the need for the sentence to protect the public from further crimes from the defendant, and the need to promote respect for the law. 18 U.S.C. § 3553(a)(1)-(2).

## III. Analysis

### A. Exhaustion of Administrative Remedies Defense is Waived

As indicated above, a Defendant moving for compassionate release under § 3582(c) must first exhaust all administrative remedies. *See United States v. Williams*, 62 F.4th 391, 393 (7th Cir. 2023). The Seventh Circuit has characterized "[f]ailure to exhaust [as] an affirmative defense, or perhaps a mandatory claims-processing rule" which in either case is "lost if withheld in the district court or otherwise raised

4

belatedly." *Id*; *see also United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (the exhaustion requirement is an "affirmative defense, not a jurisdictional prerequisite").

Schiff's *pro se* motion before this Court seeks relief based on the need to care for his mother. His request filed with the Warden was premised on the need to care for his child, his father, and to seek medical treatment for his psoriasis. There is no dispute that Schiff has failed to exhaust his administrative remedies as required by statute. However, because the government has "elect[ed] not to invoke [this] infirmity," the issue is waived. [323] at 1; [326] at 5-6.

**B.    The Government asserts that Extraordinary and Compelling Reasons for Compassionate Release Are Present**

A prisoner seeking compassionate release under the First Step Act "bears the burden of establishing 'extraordinary and compelling reasons'" for a sentence reduction. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). A district court must consider the "individualized arguments" weighing for and against a Defendant's claim of extraordinary circumstances. *Id.* at 491. Under USSG § 1B1.13(b)(3)(C), a Court may find extraordinary and compelling reasons to grant compassionate release due to the "incapacitation of the defendant's parent" where "the defendant would be the only available caregiver for the parent." § 1B1.13(b)(3)(C).

Here, Schiff contends his mother has been diagnosed with Stage 3B colon cancer. He claims that her cancer, recent surgery, and other medical concerns require "substantial caregiving assistance." He claims that no one else in his family can

5

provide adequate care. [309]. The Government agrees that Schiff's motion establishes an extraordinary and compelling reason as required under § 3582(c)(1)(A). [323].

Schiff has submitted two letters from doctors who support Mrs. Schiff with pain management.[1] Neither discuss her level of incapacitation or disability. [309] Ex. D & E. Neither of the letters detail her cancer diagnosis or treatments. Neither letter is from an oncologist, nor do they detail any surgery or post-operative care needs. They do not describe her chemotherapy treatments or side effects Mrs. Schiff may experience. Instead, the letters indicate that Mrs. Schiff "requires assistance with homemaking tasks including cleaning, cooking, shopping for groceries and obtaining medications." *Id.*, at Ex. E.

While the Seventh Circuit has not addressed the definition of "incapacitation", district courts in this Circuit have described it as meaning "'completely disabled' and 'cannot carry on any self-care' or 'totally confined to a bed or chair.'" *United States v. Criswell*, No. 1:19-CR-10-HAB, 2025 WL 1575783, at *3 (N.D. Ind. June 4, 2025) (citing *United States v. Bell*, No. 19-CR-40085-JPG-3, 2024 WL 4678969, at *2 (S.D. Ill. Nov. 4, 2024). Courts in this circuit and around the country regularly deny motions for compassionate release in similar circumstances. *See, e.g., United States v. Woodrome*, No. 4:15-CR-28-TWP-VTW-12, 2024 WL 4216358, at *2 (S.D. Ind. Sept. 17, 2024) (denying motion for compassionate release where defendant argued he need to take care of his ailing parents); *United States v. Washington*, No. 1:22-CR-00082-

---

[1] In light of Mr. Schiff's crime, the Court was concerned about the authenticity of the letters. The Court has since spoken to the author of one of the letters and determines them to be authentic.

TWP-MJD, 2024 WL 4043780, at *2 (S.D. Ind. Sept. 3, 2024) (denying motion for compassionate release where defendant failed to establish that (1) her mother was incapacitated, (2) she was the only one capable of caring for her mother, and (3) she was able to give her mother the care she required); *United States v. Howard,* No. 3:21-CR-30187-NJR-1, 2025 WL 1684262, at *2 (S.D. Ill. June 16, 2025) (denying motion for compassionate release where "brief notes" from defendant's mother's medical providers left "entirely undefined" the "extent and nature of the assistance that she require[d]."); *United States v. Hunter*, No. 93 CR 318, 2025 WL 1370800, at *6 (N.D. Ill. May 12, 2025) (Government *opposed* a defendant's motion for compassionate release premised on a need to take care of the defendant's 90-year-old mother, despite robust evidence that the defendant's mother was sick and the defendant was the only available caretaker). It is against this backdrop of cases (and dozens and dozens more) that the government agrees to a compassionate release. [323] at 9.

The next step requires the Court to determine whether Schiff is the "only available" caregiver. Again, the Government concedes Schiff has cleared this hurdle even though Schiff's brother (and co-defendant) provides care for his mother. [309] at 2. Schiff argues that his brother cannot provide "around-the-clock" care for his mother, but Schiff provides no evidence that she *requires* around-the-clock care.

At the hearing, the government cited *United States v. Halderson,* Case No. 15-cr-00623, ECF No. 424 at 5 (Kennelly, J), to encourage this Court to engage in a realistic assessment of whether others were available to assist with care. In *Halderson*, the defendant established that his father was "confined to a chair; he

7

cannot stand on his own; he is unable to walk; he has limited range of motion and use of his upper extremities; and he has significant difficulty speaking and swallowing. … [he is] chair bound requiring maximum total assistance for all activities of daily living." *Id.* at 4. The district court granted compassionate release *over the government's objection,* after finding the three other family members were *not available* to provide care based on a realistic assessment because (1) defendant's mother used a walker; (2) defendant's brother was active military and deployed overseas; and (3) defendant's sister lived nearby but had two small children (one who was 9 months old and the other 8 years old). The *Halderson* court rejected the government's argument that defendant's sister and nursing home care should be the answer finding the governments "argument represents an unrealistic assessment of the adequacy of a cobbled-together amalgam to provide the level of care needed for someone in Raymond Haldorson's position". *Id.*

The uncontested evidence reflects that Schiff's mother is 78 years old and was diagnosed with stage 3B colon cancer in February 2026. Schiff states she recently underwent invasive surgery because of her cancer. She has also been diagnosed with psoriatic arthritis, heart failure, and osteoarthritis. These medical issues undoubtedly hamper her mobility. Schiff's brother can (and in fact does) provide care for her mother, but not as much care as Schiff argues she requires.

It is obvious that Yale Schiff presents a much weaker case for compassionate release than Mr. Halderson and many others that have come before the court. His mother is aging and is suffering a serious illness. The Government concludes these

8

circumstances reflect extraordinary and compelling reasons for sentence reduction. The Court trusts that the Government takes seriously its duty of candor and its obligations to protect the public, and that the Government's representations in this case reflect a good faith reading of 18 USC § 3582 and the Federal Sentencing Guidelines. But the Court is deeply troubled at the significant departure this filing represents from the way the Government has treated dozens and dozens of motions for compassionate release, including in the case of *United States v. Halderson, supra.* The Court expects that the Government will take a position consistent to the one it takes here in similar circumstances in cases moving forward.

As conceded by the Government, the Court finds that defendant Yale Schiff has established an extraordinary and compelling reason for sentence reduction as required by 18 U.S.C. § 3582(c)(1)(A) and USSG § 1B1.13(b)(3)(C).

**C.     Schiff Satisfies the Discretionary Factors Under § 3553(a)**

Having found an extraordinary and compelling reason to reduce his sentence, the Court must also weigh whether and to what extent a sentence reduction is consistent with the sentencing factors in § 3553(a). *Thacker*, 4 F.4th at 576.

Schiff contends that he has demonstrated substantial rehabilitation during his incarceration. His motion included records demonstrating that he has taught Adult Continuing Education classes benefiting over 100 students. He also documents that he is approaching his transition-to-community placement date, currently slated for September 15, 2026, and his conditional release scheduled for October 17, 2026. He already has a concrete post-release plan, including access to stable housing approved

9

by his halfway house and the U.S. Probation Department. [309]. The Government does not contest Schiff's claims. [323].

Schiff pled guilty to bank fraud, a crime which resulted in substantial harm to his victims. [164], [165]. Schiff's sentence included an order for restitution of nearly $3 million. [289]. The Court acknowledges the seriousness of Schiff's offense, and the severity of his prior record. Still, Schiff has served a substantial portion of his sentence and is already approaching a conditional release. His FSA Time Credit Assessment demonstrates that he is expected to receive a credit of 180 days for his conduct during his incarceration. [309]. He also has a substantial post-release plan including stable housing. *Id*. Further Schiff has demonstrated a consistent commitment to his family, who will support his transition back into the community.

The Government argues that Schiff's release "would not be inconsistent" with the factors set forth in § 3553(a). [323] at 8. Accordingly, and taking the Government's arguments at face value, the Court in its discretion conferred under 18 U.S.C. § 3553(a) grants Schiff's motion.

## IV. Conclusion

For the stated reasons, Schiff's motion for compassionate release is GRANTED.

E N T E R:

Dated: July 10, 2026

Mary M Rowland
_____

10